JOHN YOUNG, RESPONDENT, v. THE SOCIETY OF THE FIRST CONGREGATIONAL CHURCH OF VERONA, NEW JERSEY, APPELLANT.

Submitted July 9, 1917—Decided November 19, 1917.

1. Plaintiff contracted to build the foundation walls and superstructure of a church addition, the excavating work having been done by defendants themselves. When the building was about completed, part of the wall fell down. In the absence of the contractor defendants jacked up the superstructure to prevent its falling also. A dispute having arisen as to whose fault it was that the walls gave away, an arbitration agreement, in writing, was entered into, which agreement provided that "the matters in dispute shall be presented to a board of arbitration" and that defendant "shall employ men to do the required excavating and that the responsibility for the cost of the same shall be determined by the above-mentioned arbitration board." *Held*, that the items of jacking up the superstructure, the removal of the debris of the fallen wall and the binding of the new wall into the old walls, was a matter in dispute and properly a subject to be dealt with by the board of arbitration.

2. The contractor sued upon the original contract instead of upon the award for the balance claimed to be due him under the contract. *Held*, that the suit was properly brought, because the submission and award had nothing to do with the amount due under the contract, that amount not being disputed, but involved only the cost of the replacements; and not being relied upon for any part of the contractor's claim, the award was purely a matter of defence in so far as it was in the owner's favor.

3. Where a judgment is wrong in the amount of damages only and that element is clearly separable, the judgment will be reversed to the end that a *venire de novo* be awarded as to damages only, pursuant to rule 131, made applicable to appeals by rule 147.

On appeal from the Essex County Circuit Court.

For the appellant, *Jones & Gleeson* (*Charles Jones*, of counsel).

For the respondent, *William Hauser*.

The opinion of the court was delivered by

WHITE, J. Defendant excavated for its church addition and then contracted with plaintiff to build the foundation walls, and, subsequently, to build the superstructure. The work was done largely in the winter time, and in the following August, when the building was about completed, the east foundation wall fell down, and the west foundation wall also showed signs of giving way. In the emergency, the plaintiff not being there, defendant jacked and shored up the superstructure to prevent its falling down. A dispute then arose between the plaintiff and defendant as to whose fault it was that the foundation walls gave way, defendant claiming they were improperly built, and plaintiff that the accident resulted from defendant compelling work in freezing weather and then itself filling in around the walls with frozen earth and with loose earth in winter, so that the expansion from freezing forced the wall to buckle and fall.

An arbitration agreement was then entered into between plaintiff and defendant, whereby they agreed, in writing, "to submit to arbitration the matters regarding the foundation" of the church in question, it being provided in the agreement that "the matters in dispute shall be presented to a board of arbitration," &c., the decision of any two of the three arbitrators to be final. It was further provided in the arbitration agreement that defendant "shall employ men to do the required excavating and that the responsibility for the cost of same shall be determined by the above-mentioned arbitration board."

The arbitration board was selected, heard the parties and reported, in writing, unanimously that "in order to fix the responsibility for the defective and fallen walls," it met, &c., and decided "that the contractor is in a major degree responsible for the defective work. We have, therefore, decided that the contractor should pay seventy-five per cent. of the cost of replacing and repairing east wall, and defendant twenty-five per cent. We have further decided that the west wall is unsafe and should be reinforced, contractor to pay fifty per cent. of the cost of reinforcement and defendant fifty per cent."

This award was duly carried out by the parties, in so far as doing the work was concerned, and also in bearing the actual cost of rebuilding the new wall, but the contractor (plaintiff) now claims that the cost of the jacking and shoring up of the superstructure, and of excavating the debris from the fallen wall out of the cellar, both of which were done by defendant, and the cost of properly binding the new wall erected in place of that which fell, into the old walls, which was done by plaintiff, did not fall within the terms of the award, and that he is now entitled to recover the amount remaining due him, including the cost to him of the last-mentioned item, without deducting any part of what defendant spent in doing the first-mentioned two items. The learned trial judge adopted this view and directed a verdict accordingly. We think this was error as to all three of the items involved.

The arbitration submission was of "the matters in dispute," which quite obviously included all the results of the disputed fault, and the award which resulted from a meeting of the arbitrators "to fix the responsibility for the defective and fallen walls," was "that the contractor was in a major. degree responsible for the defective work" and should pay seventy-five per cent. to defendant's twenty-five per cent. "of the cost of replacing and repairing" the east wall, and that they should bear fifty-fifty the cost of reinforcing the west wall. We think it clear that this submission and the resulting award were intended. to, and did, include the entire expense properly incurred in restoring the walls to their proper condition. Each of the three items in question clearly falls within this characterization. The jacking and shoring up of the superstructure rendered necessary, and immediately necessary, by the falling of the foundation upon which it rested, certainly resulted from the wall falling and was necessary for its replacement; so, also, was the removal of the debris of the fallen wall from the cellar before the new wall could be built; and the tying or binding of the new wall into the old walls to make it the same as the fallen wall had been, was something which had to be done as a result of the accident and to replace the fallen wall as it was. That one of these items, viz., the

cost of the necessary excavation of the fallen wall, was intended to be included, is also evidenced by the fact that it was expressly made part of the submission, and it is not to be presumed that any subject so submitted was ignored in making the award.

It is suggested that the suit should have been on the award instead of on the original contracts. This would ordinarily be so, but in this case the submission and award did not involve the amount due under the contracts, about which there has never been any dispute, but only how the expense of repairing and replacing a certain destroyed part of the work should be borne, and plaintiff claimed that he had performed this award and borne his share of the expense thereunder, and that there remained a balance due him on the original contracts. If this were so, his suit did not arise out of the award but out of the contracts. The defendant, on the other hand, claimed that plaintiff had not borne all of the expense resulting to him from the award and so set up the award to this extent as a defence. The issue thus raised was then tried. We think these pleadings properly raised the issue which was tried. The nonsuit requested upon this point was therefore properly refused.

For the reasons before stated, however, we think the learned trial judge should have granted defendant's motion that a verdict be directed in favor of the plaintiff and against the defendant for $193.42, with interest, instead of for $427.45, the amount for which a verdict was directed.

The judgment is reversed, to the end that a *venire de novo* be awarded. The only question with respect to which the decision is found to be wrong is the measure of damages. Since that question is here separable, the new trial is limited thereto, pursuant to rule 131, made applicable to appeals by rule 147.

*For affirmance*—THE CHANCELLOR, HEPPENHEIMER, WILLIAMS, JJ. 3.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, JJ. 10.